UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-cv-3786 |
| vs. | ) | |
| | ) | |
| ALTA COLLEGES, INC., *et al* | ) | Judge Ronald Guzman |
| | ) | |
| Defendants. | ) | Mag. Judge Geraldine Soat Brown |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE THE TESTIMONY OF KEVIN HUDSPETH**

Despite citing Kevin Hudspeth's testimony throughout their Motion for Summary Judgment, Defendants now claim they take no position on whether Plaintiff's Motion should be considered by this Court—and for good reason. Kevin Hudspeth, an Assistant Attorney General who left Plaintiff's employ in 2012, has not been named as a fact witness. He has not been named as an expert witness. He is not a party. His only role in this litigation was to draft sections of Plaintiff's original complaint—a complaint that has been amended twice and is no longer operative. The internet marketing allegations found in Plaintiff's Second Amended Complaint do not rely whatsoever on the testimony of Mr. Hudspeth. Given its irrelevance, this testimony cannot be used at summary judgment or trial, and the Court should strike it.

**ARGUMENT**

**I. Plaintiff's Internet Marketing Allegations Are Not Based on Kevin Hudspeth's Testimony.**

Plaintiff's Second Amended Complaint ("SAC") alleges that Defendants purchased certain keywords related to the FBI and State Troopers in order to market to Illinois consumers, and that this practice is deceptive because Westwood graduates do not obtain jobs as FBI agents

or Illinois State Troopers. After denying these allegations in their Answer, Defendants now admit that they purchased FBI and State Trooper keywords, and Defendants have moved for summary judgment, claiming that their practice is not deceptive. To support its allegations, Plaintiff has cited internal marketing documents, expert testimony, and Defendants' admissions. *See* Doc. 73, Pl.'s Resp. to Defs.' MSJ; Doc. 72, Pl.'s SOF.

The internet marketing allegations in Plaintiff's SAC are *not* based on Mr. Hudspeth's testimony or the affidavits he prepared. Indeed, Plaintiff's Rule 56.1 Statement of Additional Material Facts does not once rely upon Mr. Hudspeth, nor is Mr. Hudspeth cited in Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment. *See* Doc. 72. Neither Plaintiff nor Defendant has listed Mr. Hudspeth as a witness for trial, and his testimony will not be heard. Even if one of the parties wished to belatedly add Mr. Hudspeth to its witness list, his testimony would be irrelevant and therefore inadmissible.

## II. Internet Searches Mr. Hudspeth Conducted Three Years Ago Are Irrelevant.

Three years ago, Mr. Hudspeth conducted three internet searches that resulted in the appearance of Westwood advertisements. He memorialized these searches, and the resulting screenshots, in affidavits, and these affidavits were produced to Defendants in response to discovery requests.[1] Defendants now claim that Mr. Hudspeth can testify "about the actions he undertook in performing the internet searches at issue, and the allegations he drafted." *See* Doc. 82, Defs.' Resp. in Opp. at 6. This argument fails on multiple levels. First, Mr. Hudspeth did *not* draft the allegations at issue—he left the office nearly two years before the SAC was filed.

---

[1] Defendants wrongly claim that certain of Plaintiff's original allegations were "proven false through discovery…." Doc. 82 at 5. In fact, Defendants blocked Plaintiff's access to their keyword database, so it remains unknown whether Plaintiff's original allegations could be proven. Plaintiff's Second Amended Complaint is based on discovered evidence that confirmed what Defendants now admit—that Westwood bid on terms related to the FBI and State Troopers. Mr. Hudspeth did not even opine in his affidavits on whether Westwood bid on these terms.

Second, even if he *had* drafted the allegations at issue, Defendants can offer no reason that his drafting process would be relevant to proving the claim. And finally, the issue of which keywords Westwood purchased—the very issue investigated by Mr. Hudspeth—is no longer contested; Defendants now admit that they purchased keywords relating to the FBI and State Troopers. *See* Doc. 62, Defs.' SOF ¶ 19. In sum, Mr. Hudspeth has no personal knowledge relevant to this case.

**III. Though the Parties Agree that Mr. Hudspeth is not an Expert, Defendants Rely on His Opinions Throughout their Motion for Summary Judgment.**

Defendants appear to agree that Mr. Hudspeth is not an expert on search engine marketing or deception. Doc. 82 at 3. Yet, as detailed in Plaintiff's Motion to Strike, they rely extensively on Mr. Hudspeth's opinions throughout their Motion for Summary Judgment. *See* Doc. 61, Defs.' MSJ at 4-5. In fact, Defendants at one point refer to Mr. Hudspeth as an expert. *See* Doc. 62, Defs.' SOF at ¶ 23. Given the parties' agreement that Mr. Hudspeth lacks any relevant expertise, Defendants' Motion should be stricken to the extent it relies upon Mr. Hudspeth's inadmissible opinion testimony.

**IV. Depositions Are Admissible Only if They Are Relevant**

Defendants are correct, of course, that deposition testimony can be admitted at summary judgment. But they ignore a threshold consideration: fact testimony must be relevant in order to be admissible. *See Stinnett v. Iron Works Gym/Executive Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002) (affirming district court's striking of deposition testimony and audio transcripts that were outside the relevant time frame of the litigation). For the reasons described above, the testimony of Mr. Hudspeth has no relevance to Plaintiff's claims and is therefore inadmissible.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion to Strike the Testimony of Kevin Hudspeth.

Respectfully submitted,

Date: March 18, 2015 /s/ *Samuel Levine*
Assistant Attorney General
Consumer Fraud Bureau

**LISA MADIGAN**
Illinois Attorney General

**GARY CAPLAN**
Assistant Chief Deputy Attorney General

**SUSAN ELLIS**
Chief, Consumer Fraud Bureau

**THOMAS JAMES**
Senior Assistant Attorney General

**JOHN WOLFSMITH**
Assistant Attorney General, Special Litigation Bureau

**CECILIA ABUNDIS**
**SAMUEL A.A. LEVINE**
**OSCAR PIÑA**
**JOSEPH M. SANDERS**
**KHARA COLEMAN WASHINGTON**
Assistant Attorneys General, Consumer Fraud Bureau

**CERTIFICATE OF SERVICE**

   I, Samuel Levine, an Assistant Attorney General, certify that on March 18, 2015, I caused a true and correct copy of the Reply to be filed and served via the CM/ECF system to all attorneys of record on the system in this matter, including:

Joseph Duffy
William P. Ziegelmueller
Mariah Moran
Henry Baskerville
**Stetler Duffy & Rotert, LTD**
Counsel for Defendants
10 S. LaSalle Street, Suite 2800
Chicago, Illinois 60603


              BY: */s/ Samuel A.A. Levine*
                 Assistant Attorney General
                 Consumer Fraud Bureau
                 100 W. Randolph St., 12th Fl.
                 Chicago, IL 60601
                 (312) 814-4984
                 slevine@atg.state.il.us